## WILLIAMSBURG (Twp) et v MAHAN

Ohio Appeals, 1st Dist, Clermont Co

No 127.   Decided Oct 18, 1935

Frank A. Roberts, Batavia, for plaintiffs in error.

Hugh M. Davidson, Williamsburg, for defendant in error.

## OPINION

By MATTHEWS, J.

The agreed statement has not been brought into the record by incorporation into the bill of exceptions, and the court cannot, therefore, consider it in determining whether the judgment was justified by the law.

However, the defendants were in default. By demurring, and then not pleading, they admitted the allegations of the bill of particulars.

The question presented is whether the bill of particulars states a cause of action against the Township. The question can be resolved by determining whether the Township is authorized to contract for the burial of indigent dead residents in a village located in the township at the time of death.

The specific section of the General Code on this subject is §3495 GC, which is as follows:

"When the dead body of a person is found in a township or municipal corporation, and such person was not an inmate of a penal, reformatory, benevolent or charitable institution, in this state, and whose body is not claimed by any person for private interment at his own expense, or delivered for the purpose of medical or surgical study or dissection in accordance with the provisions of §9984 GC, it shall be disposed of as follows:  If he were a legal resident of the county, the proper officers of the township or corporation in which his body was found shall cause it to be buried at the ex-

pense of the township or corporation in which he had a legal residence at the time of his death; if he had a legal residence in any other county of the state at the time of his death, the infirmary superintendent of the county in which his dead body was found shall cause it to be buried at the expense of the township or corporation in which he had a legal residence at the time of his death, but if he had no legal residence in the state, or his legal residence is unknown, such infirmary superintendent shall cause him to be buried at the expense of the county."

At the bar, it was learnedly debated whether "municipal corporation" as used in that section included villages. In cognate sections of Division IV, headed "Charity," the phrase "municipal corporation" is manifestly used as a synonym of "city", and for that reason, and because by §5625-5, GC, townships are expressly authorized to include in their general levy a sum for the relief of the poor, it was urged that the sole duty of providing burial for the indigent dead rested upon the township. In a well-reasoned opinion the Court of Common Pleas reached the conclusion that that was the proper construction to be placed on §3495, GC.

These sections were enacted at the same time and as a part of the same bill (108, (Pt. 1), 266 Ohio Laws) and we think the Legislature has shown by the whole context of the bill that the phrase "municipal corporation" was used by it to distinguish between the township and the other political subdivisions which it had charged with duties to the poor, that is the cities.

Upon the reasoning and authorities found in the opinion of the Court of Common Pleas, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.