## FIRST NAT. BANK v WADDELL et

Ohio Appeals, 1st Dist, Hamilton Co

No 5357. Decided Mar 7, 1938

Milton Bloom, Cincinnati, and Lyle Evans, Chillicothe, for Appellant.

Vincent Beckman, Cincinnati, Messrs. Dempsey & Dempsey, Cincinnati, Taft, Stettinius & Hollister, Cincinnati, and Waite, Schindel & Bayless, Cincinnati, for Appellees.

## OPINION

By HAMILTON, J.

This appeal was filed on questions of law and fact. No bond was given, and the appeal is reduced to questions of law.

This appeal grows out of a real estate mortgage foreclosure brought by the appellant, The First National Bank of Chillicothe, Ohio, to foreclose the equity of redemption of the interest of one Jane Guthrie in a reversion in fee subject to a certain leasehold of real property, described in the petition. The property did not sell for enough to pay the mortgage indebtedness and the court granted plaintiff a deficiency judgment for $1331.76 against the estate of said Jane Guthrie, who was deceased. The instant proceeding was one in aid of execution brought by the plaintiff, appellant, on its deficiency judgment.

It appears that The Cincinnati Street Railway Company was a tenant in the property in question and owned $972.40 in rents therefor to either the heirs of Jane Guthrie, deceased, or to her administrator or appellant. The question for the court to determine was, who was entitled to the rents, the heirs, the plaintiff, or the administrator. The trial court found that the heirs were entitled to the rents in question, and ordered the money paid to them.

It is contended by appellant that the court erred in awarding the money to the heirs; that under the terms of its mortgage it was entitled to the rents and profits, of which the rentals in question were a part.

No agreed statement of facts was filed and there is no bill of exceptions. In reviewing the claimed error, we can only look to the judgment entry and the pleadings to determine the question. The judgment entry is as follows:

"This cause came on to be heard by the Court upon the proceedings in aid of execution filed herein by the plaintiff, and the answer of the defendant, The Cincinnati Street Railway Company, in said proceedings in aid of execution filed August 25, 1936, the agreed statement of facts, and the Briefs of Counsel for plaintiff and Counsel for the defendants, Eleanor L. Waddell,

William Waddell, Nancy Waddell and Alexander M. Renick, heirs of Jane Guthrie, deceased, and the Court, being fully advised in the premises, finds that the defendant, The Cincinnati Street Railway Company, has in its hands the sum of Nine Hundred Seventy-two Dollars and Forty Cents ($972.40), being the amount of rental of the share of Jane Guthrie, deceased, in the premises mentioned in said agreed statement of facts, accrued from the time of the death of said Jane Guthrie until the sale of said interest in said real estate upon foreclosure proceedings by the plaintiff, and that said defendant, The Cincinnati Street Railway Company, has by its said answer sought the direction of the Court as to the proper payment of said money.

The Court further finds that none of said sum of Nine Hundred Seventy-two Dollars and Forty Cents ($972.40), as aforesaid, is due to Bert H. Long as ancillary administrator of the estate of Jane Guthrie, deceased, or to the plaintiff. The Court finds that the defendant, Nancy W. Woodrow is deceased and that defendants, hereinafter named are the sole heirs of said Jane Guthrie, deceased, and are entitled to the estate of said Jane Guthrie, deceased, in the several proportions set after their respective names, as follows:

Eleanor R. Waddell, one-half (½), (one-fourth (¼) as devisee under the Will of Nancy W. Woodrow, deceased, and one-fourth (¼) in her own right); William Waddell, one-eighth (⅛); Nancy Waddell, one-eighth (⅛); A. Mortimer Renick, one-fourth (¼).

The Court further finds that said heirs of Jane Guthrie above named are entitled to said sum of Nine Hundred Seventy-two Dollars and Forty Cents ($972.40), in the hands of The Cincinnati Street Railway Company in the respective proportions above set forth.

It is therefore considered, adjudged and decreed by the Court that the proceedings in aid of execution herein, be and the same hereby are dismissed at plaintiff's costs, and that the said sum of Nine Hundred Seventy-two Dollars and Forty Cents ($972.40) be paid by the defendant, The Cincinnati Railway Company, to the defendants, Eleanor R. Waddell, William Waddell, Nancy Waddell and Alexander M. Renick, as heirs of Jane Guthrie, deceased, in the respective proportions above set

forth. To all of which finding and order of the Court the plaintiff excepts."

It will be noted that the judgment recites the matter was heard on an **agreed statement of facts**, and it must be conceded that there are necessarily controlling facts in the case. It follows that this court cannot as a matter of law, based upon the statements in the judgment entry, find that the trial court committed reversible error.

The judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.