**BOARD OF EDUCATION OF THE STARR-WASHINGTON RURAL SCHOOL DISTRICT, Plaintiff-Appellee, v. DEFENBACHER, et., Defendant-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3663.   Decided October 25th, 1943.

348

Knepper, White & Dempsey, Columbus, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Charles F. Ohl, Asst. Atty. General, Columbus, for defendant-appellants.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law "from a judgment renderded by the Court of Common Pleas in the above-entitled and numbered cause on the 27th day of May, 1943."

Six errors are assigned:

(1) Error in judgment and findings of April 16, 1943.

(2) Error in the order of May 27, 1943, overruling defendant's motion to set aside judgment and entry of April 16, 1943, which motion was filed on May 19, 1943.

(3) Error in order of May 27, 1943, granting ancillary relief as prayed for by plaintiff.

(4) Error in assuming to grant to plaintiff a declaratory judgment as prayed for at the time of rendering the pretended judgment or at any time.

(5) Error in granting ancillary or consequential relief as prayed when no appropriation of funds existed and from which such relief could be granted or paid.

(6) Conclusions in finding of the Court of Common Pleas are contrary to law.

It will be necessary to an appreciation of the questions presented to set forth, in chronological order, the varying steps followed from the institution of the suit to its termination in the trial court.

The petition was filed February 14, 1941. The cause of action required a construction of §7595-1b GC, in the light of

facts pleaded by the plaintiff. The prayer consisted of eight numbered paragraphs, the first of which was that the Court grant a declaratory judgment "declaring the respective rights and duties of the several parties hereto under said statutes". The other seven numbered paragraphs were more specific in the nature of the relief sought, and the eighth was a prayer for other and further relief to which the plaintiff may be entitled in the premises. Upon issues joined between the parties, the Court, on April 16th, entered a declaratory judgment finding the allegations of plaintiff's petition to be true; that it is entitled to a declaratory judgment and specifically adjudging that, upon the questions presented in the pleadings and on the facts agreed to §7595-1b GC should be construed as in the entry set forth and in accordance with the contention of the plaintiff.

The Court, as a part of the judgment entry, made further provision that the "matter of consequential or ancillary relief asked by plaintiff is reserved for further hearing and disposition".

Prior to the judgment entry the defendants filed a motion to dismiss upon the grounds that the said alleged cause of action set out in the petition is now moot and no real controversy upon which an action for declaratory judgment, nor a claim for consequential or ancillary relief based thereon, now exists upon which such an action may be predicated.

The motion also sets out certain parts of the stipulation of facts between the parties, "which facts were stipulated to be true but objected to by plaintiff as being incompetent, irrelevant and immaterial". Stipulation (A) was to effect that in the items of the appropriation acts of the 93 General Assembly of Ohio, for the years 1939, and 1940, the school funds were exhausted and there is nothing now in said funds.

Stipulation (B) in the items of the general appropriation acts for the biennium beginning January 1, 1941, and ending December 31, 1942, in the appropriation for the year 1941, there remains the sum of $3,624.31 and in the appropriation for the year 1942, there remains the sum of $35,951,309.31, and that since the aforesaid time the funds which had theretofore been appropriated for the purposes mentioned became exhausted and there have not since said December 31, 1942, existed any funds available for expenditure for the purposes mentioned upon which a real controversy as to their availability for expenditure or use for any purpose could exist.

The motion asked that the cause of action of plaintiff be dismissed. The motion was not formally passed upon.

350

On May 11, 1943, plaintiff, by application, set out facts upon which it requested the Court, upon hearing, to grant the consequential or ancillary relief sought by plaintiff in its petition, or that defendants, and each of them, be required to show cause why said' relief should not be granted.

On May 19, 1943, defendants moved the Court to set aside the order of April 16, 1943, purporting to grant to plaintiff a declaratory judgment based upon the petition, for the reason that said order was premature in that there was then pending a motion to dismiss said cause* * * *, which motion had not been heard on or before April 16, 1943, and had not been sustained or overruled or otherwise disposed of prior to said date and had not been disposed of at the time of the filing of the motion, etc.

This last motion to set aside the order of the Court of April 16, 1943, was, on May 27, 1943, overruled, and on the same day a decree was entered granting the ancillary relief to plaintiff which it prayed for in its petition.

On June 14, 1943, the notice of appeal was filed in the Court of Common Pleas, which notice was directed to the judgment rendered by the Court on the 27th day of May, 1943.

It will be observed that the only appealable order to which ■ the notice of appeal is directed is the judgment of May 27, 1943, in which the Court refuses to set aside the judgment of April 16, 1943, and the order granting the ancillary relief to plaintiff as prayed. The notice of appeal may not serve the office of an appeal from the judgment on the merits, of date April 16, 1943, but only requires a determination whether or not there appears any grounds to set aside the judgment and which the trial court erred in disregarding.

We are satisfied that there was no prejudicial error in ■ entering the declaratory judgment on issue drawn between the parties upon the grounds stated in the motion to set aside, namely, that there was a motion of defendant to dismiss pending at the time of order, which motion was undisposed of. The entering of the judgment subsequent to the motion in effect was a disposal of the questions presented by the motion against the claim of the defendants as therein urged. This necessarily follows because it must be assumed that the trial judge had before him at the time of the approval of the judgment entry the motion of defendants to dismiss, and if the motion had, in the opinion of the Judge, any merit, it would have been entirely inconsistent for him to have entered a judgment entry granting the declaratory judgment and the general relief sought.

The declaratory judgment then of April 16, 1943, adjudicated the substantive question at issue between the parties in favor of the plaintiff, and as claimed by them.

The next question presented is, did the Court err in granting the specific ancillary relief as set out in the journal entry of date May 27, 1943. There is no bill of exceptions before us, and the presumption of validity attending the order of May 27, 1943, will support it unless a consideration of the stipulated facts heretofore quoted requires us to say that the order is prejudicially erroneous to the defendants.

The order of May 27, 1943, granting ancillary relief to the plaintiff was, according to the entry, submitted to the Court upon the statements and arguments of counsel for the respective parties. There is no attempt to incorporate the agreed statement of facts carried in defendant's motion into a stipulation effective as upon a hearing on the motion to set aside the declaratory judgment order or the ancillary relief order, nor does the judgment entry recite that the case was tried on an agreed statement of facts, nor are the stipulated facts carried into a journal entry with reference to such hearing, or any hearing, nor are they set up or incorporated into a bill of exceptions. Thus there is no factual situation before this Court which would require us to set aside the order and judgment to which the notice of appeal is directed.

Sec. 11371 GC; Goyert and Vogel v Eicher, Admr., 70 Oh St 30;

Simmons Real Estate Co. v Riestenberg, 51 Oh App. 176;

Williamsberg v Mahan, 20 Abs. 315; Riebel v Hunt, 44 Oh App. 299;

First National Bank v Waddell, 27 Abs. 143;

Hornbeck and Adams, Trial and Appellate Practice in Ohio, p. 279.

The briefs are exhaustive and complete on the substantive question originally presented to the Court and determined in the first judgment entry as well as upon the question before the Court on the ancillary order.

Because of the procedural developments which we have heretofore discussed, we may not reach or consider the principal question at issue between the parties upon their pleadings and the stipulated facts.

Judgment affirmed.

BARNES, P. J., and GEIGER, J., concur.